# DECLARATION OF
# BARRY L. COHEN, ESQ.

## Redacted Public Version

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASKELL OFFICE LLC,** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant,** | ) ) ) | **Case No. 2:21-cv-2533-CFK** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOORECO, INC.,** | ) | |
| | ) | |
| **Defendant and Counterclaim Plaintiff.** | ) ) | |
| | ) | |

## <u>DECLARATION OF BARRY L. COHEN</u>

I, Barry L. Cohen, hereby declare under penalty of perjury as follows:

1.    I make and submit this declaration in connection with Plaintiff-Counterclaim Defendant Haskell Office, LLC's ("Haskell") opposition to Defendant-Counterclaim Plaintiff MooreCo, Inc.'s Motion for Attorney's Fees, Costs, and Sanctions. I have personal knowledge of the facts herein.

2.    I am an attorney practicing at the law firm Royer Cooper Cohen Braunfeld LLC ("RCCB"), of which I am a founding partner.

3.    I have been engaged in the practice of law for over 28 years, and part of my focus is in intellectual property litigation, including trade dress, trademark, copyright, and trade secret matters.

4.    I am a member in good-standing of the Pennsylvania, New Jersey and New York bars, and I am admitted to practice in the United States Court of Appeals for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western

District of Pennsylvania, the United States District Court for the District of New Jersey, the United States District Court for the Eastern District of New York, and the United States District Court for the Southern District of New York.

5.    I am also the Vice Chair of the Trademark Litigation Committee of the Intellectual Property Law Section of the American Bar Association, Co-Chair of the Pennsylvania Bar Institute Intellectual Property Law Institute, and Chair of the Law Firm Management Subcommittee of the International Trademark Association.

6.    My law firm, RCCB, was retained in late Spring 2021 as principal litigation counsel for Haskell in connection with the above-captioned dispute.

7.    As principal litigation counsel, RCCB managed for Haskell, among many other things, the discovery phase of this litigation, which included the review of MooreCo's documents, as well as collection, review, and production of Haskell's documents.  I, along with other RCCB attorneys on my team, oversaw this process.

8.    Based on my oversight of the discovery process, I submit the following facts regarding MooreCo's document productions to Haskell:

      a.  First, it is not accurate that "Haskell has had information that it knows rendered [its reverse passing off] allegations to be untrue since at least April 15, 2022" (Scheffel Decl. at ¶ 104). In reality, the handful of grainy photos and videos produced by MooreCo on April 15, 2022, were not accompanied by explanation or evidence that would have allowed Haskell to confirm that they were actually taken at the 2019 EdSpaces Trade Show and not at a different show or at a different time.

b.  Second, MooreCo did not produce until late May and June 2022 documents sufficient to show that it likely manufactured the whiteboard that it featured at the 2019 EdSpaces Tradeshow.  These key manufacturing and design documents were buried in productions from MooreCo containing greater than 3,000 documents, which took several weeks for the RCCB team to review and analyze.

9.    I also submit the following facts regarding Haskell's written discovery responses and production of documents to MooreCo:

a.  Haskell took its discovery obligations very seriously, and it consistently adhered to these obligations.  Specifically, Haskell timely and comprehensively responded to every single one of MooreCo's written discovery requests.  Haskell also produced to MooreCo, between May and July 2022, more than 2,500 documents spanning 26,663 pages.  These documents included, without limitation, sales data, advertising samples, and evidence of copying, all of which are relevant to, among other things, secondary meaning of Haskell's whiteboard design.

b.  While Haskell's e-discovery vendor, Cobra Legal Solutions LLC ("Cobra"), did experience a technological glitch which impacted its collection and processing of a subset of Haskell's documents, this glitch was never visible to Haskell's document review team during the review process.  *See* Declaration of Kendra Smith, Chief Operating Officer of Cobra Legal Solutions LLC, attached hereto as **Exhibit "A."**  Rather, the glitch was identified for the very first time in mid-July 2022, when Haskell asked Cobra for a detailed list specifying the

3

amount of data collected from each Haskell custodian and a list of "hits" for each search term run on that data. *See id.* Cobra generated this list and, upon probing further into some unexpected numeric results, Cobra informed the Haskell team that a collection and processing error resulted in a subset of Haskell's documents not being collected and/or processed appropriately. *See id.* RCCB notified MooreCo's attorneys immediately upon learning of this issue and, in doing so, offered to postpone or otherwise leave open the upcoming deposition of Haskell's Vice President and 30(b)(6) witness, Bruce Robins, to allow sufficient time for Haskell attorneys to review and produce any additional responsive information. There was no prejudice to MooreCo as a result of the technological glitch, given that this all occurred and was disclosed to MooreCo before any depositions had been taken and well before the August 19, 2022 close of fact discovery set by the Court (ECF No. 58). Furthermore, Haskell would have agreed to an extension of the discovery period had MooreCo requested it.

10.    Finally, I confirm that Haskell's overall approach to discovery and general litigation of its claims was measured, if not conservative.

11.    For example, Haskell operated with a very small team of attorneys, and it was Haskell's general practice to have only one or two Haskell attorneys participate in telephonic conferences with MooreCo.

12.    In a similar vein, Haskell propounded a reasonable number of written discovery requests, consisting of 43 requests for admission; 24 interrogatories; and 73 requests for production. This stands in stark contrast to the 203 requests for admission and 126 requests for

production propounded by MooreCo.   After reviewing MooreCo's responses to its written discovery requests, Haskell sent one deficiency letter, to which MooreCo never fully responded.

13.    Perplexingly—though very much in line with MooreCo's perpetual over-litigation of this case—counsel for MooreCo has sent counsel for Haskell 23 letters since July 25, 2022, the date on which Haskell informed MooreCo that it intended to withdraw its claims.   These letters are attached hereto as **Exhibit "B."**  Notably, 20 of these letters were sent *after* August 9, 2022, the date on which the Court dismissed Haskell's claims with prejudice, and many of them center on issues rendered moot by the dismissal of Haskell's claims.  *See id.*

14.    I declare under penalty of perjury that the foregoing is true and correct.

15.    Executed on October 12, 2022.


By: */s/ Barry L. Cohen*_____

Barry L. Cohen

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASKELL OFFICE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:21-cv-2533-CFK |
| | ) | |
| v. | ) | |
| | ) | |
| MOORECO, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DECLARATION OF KENDRA SMITH</u>**

I, Kendra Smith, hereby declare under penalty of perjury as follows:

1.   My name is Kendra Smith. I am at least 21 years old, of sound mind, and capable of making this declaration. I have personal knowledge of the facts stated in this declaration, and they are true and correct.

2.   I am the Chief Operating Officer of Cobra Legal Solutions LLC ("Cobra"), an award-winning legal services company which provides, among other things, e-discovery and managed review services for legal professionals and companies throughout the country.

3.   I hold a Bachelor of Science in Biological Sciences from the University of Notre Dame, and a Juris Doctor from Texas A&M. I am currently barred in the States of Texas and Colorado.

4.   Royer Cooper Cohen Braunfeld LLC ("RCCB") hired Cobra to perform e-discovery collections, processing, hosting, and project management services.

5.    Cobra was instructed by RCCB to collect and process all available computer data from four (4) custodians. The custodians and machines that were collected were: Bruce Robins (1/26/22), Jon Meyers (1/27/22), Cristel Hutchinson (1/28/22), and Alan Robins (3/30/22).

6.    The collections were originally processed between March 28, 2022 and April 4, 2022. Cobra encountered no issues and did not flag any issues at the time of processing or any time after, until late July 2022.

7.    Cobra informed RCCB in March of 2022 that collections had gone smoothly, and that "full computers" were collected from all four custodians.

8.    Once the collections were completed, Cobra ran search terms on the data, which resulted in a final document review set of ~18,500 documents. RCCB reviewed the final document set internally and made productions to their opposing counsel of more than 2,500 documents.

9.    On July 7, 2022, RCCB reached out to Cobra and indicated that RCCB's opposing counsel was seeking a detailed list specifying the amount of data collected from each Haskell custodian and a list of "hits" for each search term run on that data. Over the course of the next week, Cobra provided the requested information to RCCB.

10.   On July 15, 2022, RCCB questioned Cobra on why Bruce Robins had such a small collection and Cristel Hutchinson had no email collections. Immediately after being notified by RCCB, Cobra started investigating the reported collection issues.

11.   Once Cobra was made aware of this potential issue by RCCB, I, Kendra Smith, oversaw the investigation of the original collections of the custodians and the four machines internally and noticed that many emails were in fact collected, but never extracted during processing. Cobra processed an L01 file with Relativity's[1] processing feature. This processing feature

---

[1] Relativity is an end-to-end legal and compliance software. This software was used to process the data collected from the four custodians.

did not recognize that there were any PST files in the container and these PST files were not listed as errors or exceptions.

12. RCCB had no way of seeing that technological issues had impacted the collections.

13. I, Kendra Smith, oversaw the further internal investigation and found that all processing jobs had completed with no indication of errors beyond a few documents in Relativity.

14. On July 15, 2022, Cobra opened a ticket (#02849887) with Relativity Support to further investigate the processing issues.

15. Relativity confirmed that the processing jobs had stopped and did not process fully without erroring. Relativity also confirmed that this was a previously unknown defect. I talked with Robin Engelsman (Application Specialist III) and Jacob Knispel (Engineer) at Relativity who helped to look further into the processing issue on their end.

16. Kirill Satchkov (Associate Product Manager – Processing) and Melissa Sanborn (Senior Customer Success Manager) at Relativity confirmed that they are aware that the current handling of E01 is not performing up to their standards and their team is now in the process of addressing this issue and rebuilding their processing tool that is used for forensic container files as a result of these findings.

17. Reprocessing uncovered additional documents which hit on RCCB's search terms, which had been previously omitted from RCCB's final review set due to the Relativity processing error.

18. During the last two weeks of July 2022, Cobra was able to fully process and upload these additional items to the Relativity review platform.

19. While the additional documents are now available on Relativity, RCCB has instructed Cobra not to perform any additional work on these documents because the parties to the litigation have made the decision to dismiss their claims and counterclaims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2022.

By: */s/ Kendra Smith*

Kendra Smith
Chief Operating Officer
Cobra Legal Solutions LLC

# EXHIBIT B



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**July 27, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write to follow up regarding the deposition of Bruce Robins that occurred on Friday, July 22, 2022.

      As an initial point, MooreCo asks that Haskell provide a redacted copy of the rough transcript as soon as possible, and preferably by 12 PM, Thursday, July 28, 2022. MooreCo agreed to the temporary designation of the transcript as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY at Haskell's request. Of course, the large majority of the deposition does not cover highly confidential information. MooreCo needs to be able to review the portions of the deposition that are non-confidential or CONFIDENTIAL. Please confirm that Haskell will provide the redacted version of the rough deposition transcript as requested.

      Second, MooreCo would like to schedule the continued and second deposition of Mr. Robins as soon as possible. Haskell has offered to produce Mr. Robins for the continued and second deposition, but that deposition can occur only after Haskell remedies its significant deficiencies with its discovery responses and document production. For instance, on the eve of Mr. Robins's deposition, Haskell revealed that it had failed to review and produce "a significant number of additional Haskell documents." Haskell Ltr. 1 (July 21, 2022). MooreCo questions why Haskell withheld this information until less than twenty-four hours before the deposition of its 30(b)(6) witness. Nevertheless, Haskell is obligated to produce those documents as soon as possible so that MooreCo can proceed with obtaining the evidence that will

July 27, 2022
Barry Cohen

no doubt provide further confirmation that Haskell's allegations are meritless and entirely unreasonable.

Finally, MooreCo is disappointed with Haskell's gamesmanship during Mr. Robins's deposition. Haskell withheld, until late in the afternoon, the fact that Mr. Robins would have to leave before the deposition was concluded so that he could attend a religious event. We would have appreciated the courtesy of notifying us of Mr. Robins's obligation at the beginning of the deposition rather than waiting until late in the day. While you conspicuously complained about the delayed start time at the beginning of the deposition—which was due to the court reporter's unexpected lateness—you intentionally withheld the fact that Mr. Robins would need to leave early. In the future, we ask that you provide us the courtesy of disclosing scheduling limitations—just as we provided Mr. Robins the courtesy of finishing the deposition early so that he could attend his religious event.

Sincerely,

Matthew J. Dowd

**Dowd Scheffel PLLC**            2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**July 27, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:



July 27, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



July 27, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



July 27, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



July 27, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Respectfully submitted,

Matthew J. Dowd

**Dowd Scheffel PLLC**          **5**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 5, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

    We write concerning the status of the deposition transcript of Bruce Robins. As discussed during the deposition, the parties agreed that the transcript would temporarily be designated as HIGHLY CONFIDENTIAL pursuant to the Protective Order. You agreed that you would review the transcript and promptly redesignate in a manner that is proper under the Protective Order. It has now been two weeks since the deposition, and we have not received a properly designated transcript. Please provide a properly designated transcript by the end of today. Haskell's unreasonable delay is impairing MooreCo's ability to evaluate the case, and Haskell's delay is also impeding MooreCo's ability to fully respond to Haskell's Rule 41 motion. *See* ECF No. 72.

                            Sincerely,

                            Matthew J. Dowd



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 11, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write in response to the parties' meet and confer today. We are disappointed that Haskell continues to delay the swift resolution of the present matter.

      During the call, we identified three options on how the parties could proceed with MooreCo's pending counterclaims: (1) Haskell could agree to a consent judgment in favor MooreCo (given that MooreCo has prevailed on Haskell's affirmative claims); (2) MooreCo would file a motion to dismiss its counterclaims without prejudice, as those counterclaims appear to be moot; or (3) the parties could work on a proposed case schedule and continue with direct negotiations, as seemingly contemplated by the Court's Notice (ECF No. 74).

      We further explained why we believed that the preferred path was for MooreCo to file its motion to dismiss its counterclaims. As discussed, based on our investigation into the applicable case law, MooreCo believes that there is no longer a case or controversy in view of the Court's dismissal with prejudice of Haskell's claims. You did not disagree with MooreCo's position. Although you did not disagree, you would not provide us with Haskell's definitive position on MooreCo's intended motion to dismiss, and you asked for additional time to provide us with Haskell's position. In fact, you represented that you would provide us a response no later than tomorrow.

      Earlier this evening, rather than simply provide us with Haskell's position concerning the three discussed options, you provided what purports to be a "joint stipulation" to

August 11, 2022
Barry Cohen

dismiss. This fourth option was one that was not discussed during the meet and confer. We are disappointed that you chose again to propose something that—based on your comments during the meet and confer—was not something Haskell was willing to consider.

We question whether the negotiations during the past two-plus weeks have been conducted in good faith or whether Haskell has contributed unnecessarily to the delay in resolving this case and to the imposition of more costs and expenses on MooreCo. Specifically, the outcome that will be achieved with Haskell's dismissal with prejudice of its own claims and the dismissal without prejudice of MooreCo's claims is essentially the same outcome that MooreCo proposed over two weeks ago. Furthermore, in view of Haskell's continually changing positions and its multiple misrepresentations, MooreCo has had to expend additional time and expense in preparing a response to Haskell's Rule 41 motion to dismiss. At this point, MooreCo believes that the most efficient path forward is to proceed with MooreCo's motion to dismiss (as it has filed this evening), with a 28-day period for MooreCo to file its motion for costs and attorney's fees after entry of judgment. MooreCo remains willing to continue directly negotiating a resolution during that time window, but at this point, it is unnecessary and unreasonable to delay briefing on the issue of fees and costs, should the parties not reach an amicable resolution on the cost and fee issues.

Finally, we have yet to receive a response from you concerning our request about the appropriate designations for the Bruce Robins deposition transcript. Please confirm that Haskell will provide the proper designations by the end of Friday, August 12, 2022.

Respectfully submitted,

Matthew J. Dowd

**Dowd Scheffel PLLC**                    2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 12, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write to follow up on the parties' meet and confer yesterday.

      First, as you know, MooreCo has filed its motion to dismiss its counterclaims without prejudice as being moot. Based on the unexpectedly proposed joint stipulation yesterday, MooreCo understands that Haskell does not oppose MooreCo's requested relief of dismissing its counterclaims without prejudice. Please let us know if that understanding is not correct.

      Second, we write to inquire again whether Haskell opposes MooreCo's request to proceed with the proposed schedule for briefing the attorney's fees and related issues. You did not provide us Haskell's position on this during the met and confer. You did represent that you would provide Haskell's position, but instead you provided a proposed joint stipulation that the parties did not discuss during the meet and confer.

      As we explained, MooreCo believes that the twenty-eight days will be sufficient for the parties to work directly to resolve the outstanding fees and related issues. If the parties cannot reach agreement within twenty-eight days, MooreCo believes that the most efficient route will be to proceed with briefing the issue before the court.

      During the meet and confer, you expressed a strong desire to participate in mediation if the parties cannot directly resolve the outstanding issues. As we explained, at this time, MooreCo does not view mediation after a failed direct negotiation as an effective use of the

August 12, 2022
Barry Cohen

parties' time and resources. Given Haskell's highly questionable conduct through the course of this litigation, MooreCo is not inclined to add a further step in the process, which will likely unnecessarily increase costs for MooreCo.

That being said, if you have specific evidence or information indicating that the mediation process is likely to resolve the remaining disputes, MooreCo is willing to consider that information. For instance, if mediation has been shown to be highly successful in similar circumstances, MooreCo will consider that information. Without any specific information, MooreCo's concern is that mediation will only delay the process and unnecessarily increase its expenses—which of course will be recoverable from Haskell under the applicable statutes and rules. Without any specific information, MooreCo's concern is that the parties are simply too far apart on their respective views about how the remaining issues should be resolved.

Finally, we ask that Haskell provide a redacted copy of MooreCo's memorandum in support of its motion to dismiss that was filed last night. Please specify the information in the memorandum that Haskell contends is "confidential" or "highly confidential" under the Protective Order. Please confirm that Haskell can provide its designations by the close of business today, so that we can share the appropriate information with MooreCo, which is necessary to move forward to a potential resolution of this matter.

Respectfully submitted,

Matthew J. Dowd

Dowd Scheffel PLLC            2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 12, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write concerning Haskell's response to MooreCo's motion. We note that your letter includes several material omissions regarding the parties' transactions during the course of their discussions about the attorney's fees (which Haskell has agreed are due) and other issues. We will address those in due course.

      We note that there continues to be a substantial disagreement between the parties concerning how to proceed upon the entry of judgment. Haskell presented yet another new proposal in its response filed today. In the interest of meeting and conferring in good faith, we simply ask for the courtesy of discussing such options before Haskell makes new proposals in its submissions to the court. This is not the first time Haskell has raised issues with the court without meeting and conferring.

      MooreCo disagrees with Haskell's assertion that its motion included a "scathing" memorandum and "off-topic" exhibits. MooreCo has had to expend significant resources in responding to Haskell's ever-changing positions.

      Finally, Haskell's response wrongfully accuses MooreCo and its counsel of improper motive behind its well-supported motion. Haskell accuses MooreCo of filing its motion with the "apparent[] inten[t]" of threatening Haskell with the "fear of the sealed memo becoming public and/or similarly vilifying filings hitting the docket." *See* ECF No. 77. Haskell has no

August 12, 2022
Barry Cohen

basis to make such a serious accusation.  MooreCo asks that Haskell immediately withdraw that accusation.

MooreCo and its counsel undertook a careful review of the testimonial and documentary evidence and presented that evidence in support of its motion to dismiss.  Haskell's response does not identify a single fact in MooreCo's motion that it can reasonably dispute.  Moreover, MooreCo's memorandum does not contain "inflammatory rhetoric" or "vitriolic mischaracterizations."  Nor is the memorandum an "intemperate tome."  At fourteen pages of well-documented facts and well-supported legal positions, the memorandum is neither intemperate nor a tome.

Most importantly, MooreCo diligently reviewed its motion and associated memorandum and exhibits to ensure that the appropriate documents were filed under seal.  We find it rich that Haskell would now make serious accusations based on MooreCo's filing its motion under seal, in accordance with the court's Protective Order.  We also do not understand how Haskell could, in good faith, make accusations about MooreCo's intent based on its good-faith efforts to comply with the Protective Order.[1]

Finally, we will address other concerns with Haskell's response in due course.  Until then, have a wonderful weekend.

Respectfully submitted,

Matthew J. Dowd

---

[1] MooreCo requests yet again that Haskell provide—as it promised to do—a copy of the Bruce Robins deposition transcript that is properly designated under the Protective Order.  Haskell has unreasonably refused to provide the redactions after multiple requests.

**Dowd Scheffel PLLC**          2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 17, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

     Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

    MooreCo has asked numerous times for Haskell to provide redacted versions of various documents and information that Haskell has designated as confidential or highly confidential. Despite MooreCo's numerous requests, Haskell has refused to address its improper overdesignation of information. Haskell's non-compliance with the court's Protective Order is hindering MooreCo's ability to fully and fairly assess the extent of Haskell's egregious conduct in this case.

    For instance, Haskell designated the Bruce Robins deposition transcript as "highly confidential." That deposition occurred almost a month ago, on July 22. Haskell agreed that its designation would be temporary, but Haskell continues its refusal to correct its designations. Haskell's continued refusal is entirely unreasonable, and it is simply unnecessarily increasing legal fees for MooreCo.

    MooreCo has already informed Haskell that its current designation of the entire deposition transcript is improper. Should Haskell fail to correct its designation by August 19, 2022, MooreCo will be left with no choice but to file a motion with the court to dispute the designation in accordance with the Protective Order. *See* ECF No. 23 ¶ 26. We hope that Haskell is committed to minimizing any additional costs and fees in this matter. MooreCo is unaware of any reason why Haskell cannot comply with its obligations under the Protective Order. Failing to do so would be improper and entirely unreasonable and would only force MooreCo to proceed with the drafting and filing of a motion with the court.

August 17, 2022
Barry Cohen


      In light of the above, we look forward to hearing from you no later than August 19, 2022.


                                      Respectfully submitted,

                                      Matthew J. Dowd

**Dowd Scheffel PLLC**        **2**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**August 25, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

   Re: *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

  MooreCo writes in response to your email of August 23, 2022.  MooreCo is disappointed in Haskell's refusal to provide a redacted version of Haskell's Memorandum of Law in Support of its Motion for Dismissal of its Claims with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Memorandum").  Haskell's refusal to comply with its obligations in this matter, however, has become par for the course.

  The parties remain bound by the Protective Order in this case, which explicitly requires that the parties "use best efforts to only designate the specific material that qualifies under the appropriate standards."  ECF No. 23 ¶ 21.  Haskell's current designation of the entirety of the Memorandum as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is plainly an over-designation and, as such, is in violation of the Protective Order.

  Haskell's only purported reason for not complying with the Protective Order is that Haskell does not want to spend the time doing it.  *See* Haskell Email (Aug. 23, 2022) ("We see no reason to spend legal dollars related to your below request on your Motion to Dismiss Counterclaims . . . .").  Haskell is the party that filed this meritless lawsuit, and Haskell and its counsel cannot shirk their responsibilities under the Protective Order simply because Haskell does not want to spend the time to comply.

  MooreCo has previously informed Haskell in regard to its multiple over-designations. *See e.g.,* MooreCo Ltr. (Aug. 17, 2022); MooreCo Ltr. (Aug. 5, 2022); MooreCo Ltr. (July 13,

August 25, 2022
Barry Cohen


2022); MooreCo Ltr. (June 29, 2022).  Haskell's improper designations impede MooreCo's ability to review important documents filed in the case and obstruct MooreCo's ability to assess the extent and significance of Haskell's misconduct and meritless claims.  Haskell is therefore unreasonably obstructing the resolution of this matter.  Should Haskell counsel genuinely be concerned with the cost to its client, its time would be better spent properly re-designating Haskell's documents rather than contesting every valid re-designation request that MooreCo has made.

Finally, it strains credulity for Haskell to claim it does not want to commit legal spend on a straightforward redaction when, at the same time, it has engaged one of the most well-known and expensive attorneys in Philadelphia.  During our call on August 11, 2022, you revealed that Haskell engaged the services of David J. Wolfsohn of Duane Morris.  Haskell's engagement of another high-priced law firm undermines its hollow claim about not wanting "to spend legal dollars."


Respectfully submitted,

Matthew J. Dowd


**Dowd Scheffel PLLC**               2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 1, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

　　　　Re:　　*Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:



September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**



September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**



Respectfully submitted,

Matthew J. Dowd

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 1, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

   Re: *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:





September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**

September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**



September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**



September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**



September 1, 2022
Barry Cohen

**HIGHLY CONFIDENTIAL**

Respectfully submitted,

Matthew J. Dowd



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 2, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

    MooreCo writes in response to the meet and confer of earlier today. As an initial point, we are dismayed about the continued vexatious and unreasonable conduct exhibited by Haskell and its counsel in this case. Throughout this litigation, Haskell has made numerous statements that have no basis in law or fact. Haskell continues to do so, even after Haskell was forced to dismiss its claims with prejudice.

    Today's meet and confer included another example of Haskell's vexatious misconduct. During the call, Haskell's new counsel made the accusation that MooreCo's counsel has sent "defamatory" statements. This is a new accusation that again lacks all merit. When pressed, Haskell's new counsel refused to identify a single supposedly "defamatory" statement. In fact, Haskell's new counsel refused to even respond to questions seeking the factual basis for this new accusation. It appears to be yet another example of Haskell's vexatious litigation conduct. Rather than working in good faith to resolve the remaining disputes of fees, costs, and sanctions, Haskell continues its baseless personal attacks on MooreCo's counsel. There simply is no reason for it. *Cf. In re First City Bancorporation of Tex., Inc.*, 282 F.3d 864, 866 (5th Cir. 2002) (per curiam) (upholding imposition of fine upon attorney who, among other things, characterized other attorneys as "various incompetents" and as "stooges").

    This new false accusation follows Haskell's unsupported statements in its response to MooreCo's motion to dismiss. Haskell's cursory response makes repeated references to alleged "inflammatory rhetoric" and "vitriolic mischaracterizations" in MooreCo's motion

September 2, 2022
Barry Cohen

without providing a single example of any such statements. *See* ECF No. 77, at 2. Haskell does not, however, provide any of the factual or legal support for its assertions and instead simply claims that it would "set the record straight" at some undisclosed time. *Id.* MooreCo cannot help but be flummoxed by Haskell's repeated sanctimonious claims that MooreCo has acted improperly in this litigation when Haskell consistently uses its filings to make unfounded and unsupported accusations against MooreCo's counsel rather than to address the important issues raised in MooreCo's motions.

We also confirm that Haskell continues its refusal to provide redacted documents, as requested by MooreCo on several occasions. There is no reasonable basis for Haskell to refuse to provide redacted documents. Haskell's refusal is, by itself, a violation of the Protective Order. *See* ECF No. 23 ¶ 21. Haskell's refusal to provide redacted documents is impairing and impeding MooreCo's ability to assess the degree of Haskell's misconduct in this case and is thus unreasonably delaying and impeding resolution of this matter. Unless Haskell reconsiders its position and confirms **by the end of today** that it will provide redacted documents, MooreCo will prepare and file a motion with the court seeking appropriate relief.

During the meet and confer, Haskell's counsel repeated the factually incorrect claim that MooreCo has not responded to Haskell's offer on fees. Haskell has advanced this false statement with the court as well. *See* ECF No. 77, at 3. As explained again during today's meet and confer, MooreCo has already explained to Kevin Berry that its initial offer was deficient. We had already explained to you that we were awaiting an answer to our question previously posed to Mr. Berry. During today's call, you appeared to be unaware that MooreCo has already rejected Haskell's insufficient offer and has previously requested an answer to whether Haskell would even be willing to entertain a settlement that included an amount in the range we previously shared with Mr. Berry. We have explained on several occasions that our request was made to determine if an agreement on fees would be feasible, or if Haskell's position was too unreasonable. It has now been five weeks since MooreCo made this request, and Haskell has still never responded to MooreCo's request and apparently has never even considered the request. We have made every effort to move the ball forward, yet weeks after our conversations with Mr. Berry (in which you declined to participate), Haskell has seemingly made little effort to make a reasonable offer on settling a frivolous, meritless litigation.

During the meet and confer, it was confirmed that David Wolfsohn has been retained by Haskell but has not and has no current plans to enter an appearance in this matter. This led MooreCo's counsel to inquire whether Mr. Wolfsohn has reviewed any of MooreCo's confidential information. Mr. Wolfsohn's response was that he did not believe he had viewed any confidential information but could not say so with certainty. Mr. Wolfsohn also declined to confirm whether he had read and understood the Protective Order. After being asked about confidential information, Mr. Wolfsohn then declared that he would not answer questions which he viewed as being outside of the purpose of the call—notwithstanding the fact that one purpose of the call was to address Haskell's sanctionable conduct. As the meet and confer came to a close near the twenty-minute mark, Mr. Wolfsohn claimed to have refreshed his memory about having viewed MooreCo's confidential information. Mr. Wolfsohn then asserted that he had not reviewed any confidential information. It is unclear how Mr. Wolfsohn could have made such a confirmation within a matter of several minutes while also actively engaging in the meet and confer.

**Dowd Scheffel PLLC**                **2**

September 2, 2022
Barry Cohen

    The continued misconduct is more than enough to warrant sanctions under 28 U.S.C.
§ 1927 and the court's inherent authority.  A court can impose sanctions under § 1927 when
"an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner;
(3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by inten-
tional misconduct."  *In re Prudential Ins. Co. Am. Sales Practice*, 278 F.3d 175, 188 (3d Cir.
2002) (citing *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989)). The
imposition of attorney's fees under § 1927 is appropriate when there is a finding of "willful
bad faith on the part of the offending attorney." *Zuk v. EPPI of the Med. Coll. of Pa.*, 103
F.3d 294, 297 (3d Cir. 1996).  "Indications of this bad faith are findings that the claims ad-
vanced were meritless, that counsel knew or should have known this, and that the motive for
filing the suit was for an improper purpose such as harassment." *Smith v. Detroit Fed'n of
Teachers Local 231, Am. Fed. of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987).

    Moreover, "[i]t has long been understood that certain implied powers must necessarily
result to our Courts of justice from the nature of their institution, powers which cannot be
dispensed with in a Court, because they are necessary to the exercise of all others." *Fell-
heimer, Eichen & Braverman, P. C., v. Charter Technologies, Inc.*, 57 F.3d 1215, 1224 (3d Cir.
1995) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal brackets and cita-
tions omitted)). "Among the implied and incidental powers of a federal court is the power to
discipline attorneys who appear before it." *Id.* (quoting *Chambers*, 501 U.S. at 43).

                    Sincerely,

                    Matthew J. Dowd

**Dowd Scheffel PLLC**        3



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 9, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

       Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

       We write to continue the meet-and-confer process concerning the attorney's fees, costs, and sanctions attributable to Haskell's meritless lawsuit against MooreCo.

       As a first point, without further assurances from you, MooreCo counsel are now extremely hesitant to discuss this matter by phone given your recent unsupported accusation. As we noted in previous correspondence, during the last meet and confer on September 2, 2022, Haskell counsel made the unfounded accusation that MooreCo's counsel has sent "defamatory" statements. We objected to that accusation. It has no basis in law or fact. We asked for the basis of the accusation during the meet and confer, but Haskell counsel refused to even respond to our questions. A week later, Haskell counsel has still not responded. This is not the first time Haskell counsel has made such improper statements, and we simply ask them to stop.

       Second, due to Haskell's continued refusal to provide redacted documents, as requested by MooreCo on several occasions, MooreCo was forced to file a motion to compel with the court. There is no reasonable basis for Haskell to refuse to provide redacted documents, and Haskell's refusal violates the Protective Order. *See* ECF No. 23 ¶ 21. As we have explained before, without being able to share even redacted versions of the documents, we have been unable to fully inform MooreCo about the litigation and the significance of Haskell's conduct and its sudden decision to dismiss its claims with prejudice. While the court denied the motion, it gave no reason.

September 9, 2022
Barry Cohen

      Third, during the last meet and confer, we provided to you a rough estimate of the attorney's fees that MooreCo incurred as a result of Haskell's meritless suit. We did so in a good-faith effort so that you can respond to us as to whether the parties are likely to make any progress on resolving the issue of fees, costs, and sanctions. In our letter of September 2, 2022, we explained why you have unreasonably refused to respond to our earlier question, first raised in conversations with Kevin Berry (in which you did not participate). We have explained on several occasions that our request was made to determine if an agreement on fees would be attainable or if Haskell's position was too unreasonable. It has now been six weeks since MooreCo made this request, and Haskell has still never provided any indication on whether Haskell would be willing to accept responsibility for MooreCo's full attorney's fees.

      At this point, Haskell is unnecessarily delaying the resolution of this case. We have had to undertake additional work to preserve MooreCo's rights, including work relating to an award of fees, costs, and sanctions. Additionally, Haskell's refusal to provide straightforward redactions (as required by the Protective Order) is further evidence of Haskell's vexatious and unreasonable conduct. *Zuk v. EPPI of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996) (explaining that the imposition of attorney's fees under § 1927 is appropriate when there is "willful bad faith on the part of the offending attorney").

      Notwithstanding Haskell's unreasonableness, MooreCo will make one last attempt to resolve the remaining issues, including those of attorney's fees, costs, and sanctions. We will do so under separate cover after the weekend.

                     Sincerely,

                     Matthew J. Dowd

**Dowd Scheffel PLLC**　　　**2**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 11, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
11 N. 18th St.
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*, No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

We write to continue the meet-and-confer process concerning the attorney's fees, costs, and sanctions attributable to Haskell's lawsuit against MooreCo. In particular, we write to address the letter from your co-counsel, which includes erroneous assertions.

First, the letter incorrectly asserts that "MooreCo as failed to comply with the Court's August 22, 2022 order, Docket No. 80." MooreCo has diligently worked to understand whether the parties would be able to reach an agreement without having to file a motion for attorney's fees and sanctions. To date, Haskell has never responded to MooreCo's repeated requests, as we explained in our letter of September 9, 2022. We note that your co-counsel's letter entirely ignored our September 9, 2022 letter.

The incorrect assertion about MooreCo's compliance with the court's Order (ECF No. 80) rests on an incorrect premise. Your co-counsel's letter incorrectly contends that the court's order required a "demand." The Order does not state that. The Order stated that the parties had to "meet and confer in good faith within fourteen (14) days" of the Order. ECF No. 80, at 1. MooreCo has done that and will continue to work in good faith with the hope of resolving the dispute without having to file its motion for fees, costs, and sanctions.

Second, we note that your co-counsel's letter appears to take a radically new position about Haskell's liability for fees, costs, and sanctions, as was previously discussed with Haskell's primary counsel. This appears to be a disappointing about-face on our discussions

September 11, 2022
Barry Cohen

with Kevin Berry.  Haskell's new position also appears to be lacking in any good faith and lacking in any support in the law.  You have offered no reason to limit the payment of fees, costs, and sanctions to Count IV of the Second Amended Complaint (breach of the confidentiality agreement).[1]  This appears to be yet another example of Haskell's continually shifting and unreasonable positions.

Finally, we dispute that the substance of your co-counsel's letter is properly subject to Federal Rule of Evidence 408.

.

Sincerely,

Matthew J. Dowd

---

[1] Your co-counsel's letter refers to the "Amended Complaint."  We presume that his reference is in error, as the operative complaint, when the court dismissed Haskell's claims with prejudice, was the Second Amended Complaint.  *See* ECF No. 27.

**Dowd Scheffel PLLC**          2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 13, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*,
              No. 2:21-cv-02533 (E.D. Pa.)

Dear Dave:

    We write to continue the meet-and-confer process concerning the attorney's fees, costs, and sanctions attributable to Haskell's lawsuit against MooreCo.  In particular, we respond to the letter dated September 12, 2022.  We address the various points in turn.

    First, your letter includes a seemingly sarcastic comment that MooreCo's September 11 letter addressed to Haskell's lead counsel was "curiously" responding to the letter of September 9.  There was nothing "curious" about the fact that MooreCo's September 11 letter was addressed to Haskell's lead counsel in this case.  Since you have made this "curious" remark, however, MooreCo will kindly address this letter to you if that is what Haskell desires.  During the majority of this litigation, Haskell has been represented primarily by Barry Cohen and Julie Latsko of Royer Cooper Cohen Braunfeld LLP.  Your letter of September 9 gave no indication that you and Duane Morris would be the new primary counsel.  Nor did you provide any such indication during the two meet and confers in which you participated.

    In short, there was nothing "curious" about addressing the pertinent correspondence to Haskell's primary counsel.  Haskell has seemingly invoked a changing cast of attorneys since the deposition of Haskell's 30(b)(6) witness, Bruce Robins.  To the extent MooreCo has not kept abreast of the unannounced changes, we would welcome Haskell's clarification.

    Second, we still have not received a response concerning your accusation that MooreCo and/or its counsel has made "defamatory" statements during the course of this

September 13, 2022
David Wolfsohn

litigation.  That accusation was frivolous at the time it was made, and it remains so to this day.  We will understand that Haskell is withdrawing that accusation.

Third, your September 12 letter presents an inaccurate summary of the meet and confer from September 2.  As we made clear during the call, MooreCo has been struggling to understand whether Haskell would, in good faith, be willing to reach a reasonable compromise in terms of Haskell's entirely unreasonable and vexatious litigation based on entirely meritless positions.  To that end, we expended significant time in discussions with Haskell's counsel Kevin Berry (without Barry Cohen being involved in those conversations, for some undisclosed reason).  During that entire time, while MooreCo has expressed its clear position that full fees and costs are recoverable, Haskell has never disputed this position and has never identified any basis to dispute MooreCo's position.

Now, weeks into this process, Haskell takes a decidedly different tactic—a tactic that MooreCo suspected would happen given Haskell's prior false representations.  Haskell now apparently has engaged new counsel to present an entirely new position about its tentative agreement to pay fees and costs.  Haskell's changing positions are more evidence of its unreasonable approach to a case that never should have been filed, let alone litigated for a year.

Fourth, Haskell's September 12 letter reveals, for the first time, that it is taking the position that this case "is obviously not an 'exceptional case' under the Lanham Act."  Haskell Ltr. at 1 (Sept. 12, 2022).  Haskell is now apparently taking the position that it will "agree to pay MooreCo's reasonable attorneys' fees and costs incurred in defending against the breach of confidentiality agreement claim" but not fees and costs associated with successfully defending against the other claims upon which MooreCo prevailed.  Haskell's new position is an about-face of what was discussed previously with MooreCo's counsel.

We also note that Haskell's September 12 letter also makes the false and misleading assertion that "[t]he claims asserted in this case when it was commenced did not relate to or arise out of the agreement" and "that's why Haskell moved to amend the complaint."  This assertion is contradicted by, for example, Haskell's own documents, the testimony of Haskell's 30(b)(6) witness, and Haskell's privilege log.

Haskell's new positions are an unfortunate major step backwards in the parties' efforts to resolve this dispute without further motion practice.  Moreover, Haskell's changed positions undermine the time and effort that MooreCo and its counsel invested in trying to ascertain whether Haskell ever had any intention of moving to a reasonable number to compensate MooreCo for the time and expense of defending against a frivolous lawsuit.  It seems apparent now that Haskell never had any such intention.

Haskell also has failed to identify a single case that supports its new assertion that this case "is obviously not an 'exceptional case' under the Lanham Act."  Nor is it surprising that Haskell has failed to identify any such legal support.  In fact, it is difficult to find a case in which a defendant has achieved such stunning and overwhelming success against a plaintiff in a Lanham Act action.  Courts routinely grant of an award of fees in cases where the outcome was not as lopsided as here.  *See, e.g., Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 281 (3d Cir. 2000).

**Dowd Scheffel PLLC**          2

September 13, 2022
David Wolfsohn

At this point, given Haskell's new position, MooreCo cannot be optimistic about the likelihood of resolving the remaining issues without the need to file its motion for an award of fees, costs, and sanctions. MooreCo will nonetheless work to provide a more precise estimate of its fees and costs to date. We will endeavor to do so within the next day or so (subject to internal staffing issues).

Finally, we dispute that the substance of Haskell's correspondence is properly subject to Federal Rule of Evidence 408. *See, e.g.*, *Lohman v. Borough*, 574 F.3d 163, 167-69 (3d Cir. 2009).

Sincerely,

Matthew J. Dowd

**Dowd Scheffel PLLC**          3



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 14, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*,
               No. 2:21-cv-02533 (E.D. Pa.)

Dear Dave:

We write to continue the meet-and-confer process concerning the attorney's fees, costs, and sanctions attributable to Haskell's lawsuit against MooreCo. In particular, we follow up on MooreCo's letter dated September 13, 2022.

As MooreCo has made consistently clear during the parties' extended discussions to resolve this case, MooreCo should be awarded full fees and costs for its successful defense against Haskell's meritless and frivolous claims. In many respects, this case is the epitome of an exceptional case. We have here Haskell's filing a trade dress claim for which it offered no evidence of an enforceable trade dress and no evidence of any consumer confusion. Haskell's own counsel acknowledged that it had no evidence of any actual consumer confusion at the time of filing its complaint. Nor did Haskell ever introduce any evidence of any lost sales—not a single one.

There is plenty more to support a finding of an exceptional case. There is ample evidence of the lack of merit in Haskell's positions, as well as the unreasonable manner in which Haskell and its prior lead counsel litigated the case. *See, e.g.*, *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014).

Of course, as noted in MooreCo's September 13 letter, it was not until this week that Haskell first specifically contended that this case is "obviously not an 'exceptional case' under the Lanham Act." Haskell Ltr. 1 (Sept. 12, 2022). Haskell's decision to raise this new position

September 14, 2022
David Wolfsohn

at such a late date leads MooreCo to question whether Haskell had any intent to negotiate in good faith the fees, costs, and sanctions issue.  Nor has Haskell ever identified any factual or legal basis for its new position.

Further, there is an abundance of clear and convincing evidence supporting sanctions under 28 U.S.C. § 1927 or the Court's inherent authority.  *See, e.g.*, *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009).  In the present case, there was, for example, a substantial "indication of an intentional advancement of a baseless contention that [was] made for an ulterior purpose, *e.g.*, harassment or delay."  *In re Intel Corp. Microprocessor Antitrust Litig.*, 562 F. Supp. 2d 606, 617 (D. Del. 2008) (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)).

Out of an abundance of caution, the specifics will not be identified in this letter, out of concern over Haskell's improper and overly aggressive confidentiality designations. Haskell has continued its refusal to provide properly redacted copies of documents, as required by the Protective Order.  Haskell's refusal has impeded the ability of MooreCo's counsel to fully advise MooreCo on options for the possible resolution of the issues of fees, costs, and sanctions.  In other words, Haskell's unreasonableness is tying MooreCo's hands.  We ask that Haskell reconsider its untenable position on this point.

Nevertheless, MooreCo is of course willing to continue the meet and confer process by phone to understand Haskell's newly raised positions.  MooreCo remains willing to consider a reasonable compromise if Haskell were to offer one.  To that end, please let us know when you are available for a phone call on Thursday or Friday, September 15 or 16.

We will also be pleased to provide an overview of the substantial amount of work that was required to defend against Haskell's meritless claims in view of the false accusations made by Haskell's counsel, Haskell's refusal to produce discovery, Haskell's interference with MooreCo's attempts to obtain highly relevant discovery from third parties, and other actions that unnecessarily multiplied the proceedings in this case.

Sincerely,

Matthew J. Dowd

Dowd Scheffel PLLC                    2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 15, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*,
                 No. 2:21-cv-02533 (E.D. Pa.)

Dear Dave:

    We write to continue the meet-and-confer process concerning the attorney's fees, costs, and sanctions attributable to Haskell's meritless lawsuit. In particular, we address the recent email exchange of earlier today.

    First, Haskell has imposed a new demand that contradicts prior discussions with Haskell's litigation counsel to resolve the present matter. There is no need for MooreCo to provide so-called "billing-record backup" at this point. *See, e.g.*, Fed. R. Civ. P. 54(d)(2)(c). It seems that Haskell's demands are contrived simply to impose additional expenses on MooreCo by forcing it to file its motion for attorney's fees, costs, and sanctions.

    Further, MooreCo has provided a good-faith estimate of its total fees and costs. As explained numerous times now, MooreCo's position is that its full fees and costs should be recovered, given Haskell's unreasonable and vexatious litigation conduct. MooreCo has simply asked whether that amount is in the realm of negotiations for Haskell. To date, Haskell has never responded. MooreCo is willing to consider a reasonable compromise, but Haskell's offers to date have not been anywhere near reasonable. In fact, unless we can discuss this issue, it seems that the parties are too far apart on the amount of attorney's fees and costs, which does not even address the issues of sanctions.

    We have asked for a telephonic meet and confer to understand Haskell's new positions, for example, on the exceptionality of Haskell's case under the Lanham Act. We also do

September 15, 2022
David Wolfsohn

not understand the substance or basis of Haskell's offer concerning the confidentiality agreement. Based on the limited discovery (much of which was unfairly obstructed by Haskell and its counsel), it is plainly evident that the entire dispute, as manufactured by Haskell, arises out of and relates to the dispute about the confidentiality agreement.

Rather than continue spending time writing letters back and forth, we are simply asking for a time to discuss the matter. Talking by phone will be far more efficient, and MooreCo is doing its best to avoid expending unnecessary time on this matter, particularly in view of Haskell's shifting positions and its practice of ignoring written explanations throughout the entirety of this case. Unless you provide a time to talk today or tomorrow, we will understand that Haskell is declining MooreCo's invitation to meet and confer by phone.

Sincerely,

Matthew J. Dowd

**Dowd Scheffel PLLC**                    2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 15, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*,
            No. 2:21-cv-02533 (E.D. Pa.)

Dear Dave:



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

September 15, 2022
David Wolfsohn



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

September 15, 2022
David Wolfsohn



Sincerely,

Matthew J. Dowd

**From:** chutchinson@haskelleducation.com
**Subject:** Tuesday's Call
**Date:** November 14, 2019 at 8:37 PM America/New_York
**To:** "'Sagan Medvec'" sagan@brandllama.com, "'John Myers'" jmyers@haskelloffice.com





**From:** chutchinson@haskelleducation.com
**Subject:** Digital Catalog Examples
**Date:** July 30, 2021 at 2:35 PM America/New_York
**To:** jmyers@haskelleducation.com, "'Sagan Medvec'" sagan@brandllama.com, "'Kathryn Pagano'" kpagano@haskelleducation.com, "'Julie Griffin'" jgriffin@haskelleducation.com, chutchinson@haskelleducation.com







## Cristel Hutchinson
VP Sales

t: 360-529-7074
e: chutchinson@haskelleducation.com

a: 273 Montgomery Ave. Bala Cynwyd, PA 19004
w: https://www.haskelleducation.com
w: https://www.haskelloffice.com



**Attachments:**

HaskellEducation_Mooreco_17af8b2de6a958bb__image001.jpg (15.47 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image002.jpg (2.09 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image003.jpg (1.81 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image004.jpg (2.15 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image005.jpg (2.09 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image006.jpg (2.19 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image007.jpg (2.05 kB)
HaskellEducation_Mooreco_17af8b2de6a958bb__image008.gif (28.14 kB)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 16, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

   Re: *Haskell Office LLC v. MooreCo, Inc.,*
      No. 2:21-cv-02533 (E.D. Pa.)

Dear David:



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

September 16, 2022
David Wolfsohn



Sincerely,

Matthew J. Dowd



**AEO - Attorneys Eyes Only**

HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY



**AEO - Attorneys Eyes Only**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 16, 2022**

David Wolfsohn
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
djwolfsohn@duanemorris.com

   Re:  *Haskell Office LLC v. MooreCo, Inc.*,
      No. 2:21-cv-02533 (E.D. Pa.)

Dear David:

  We write to address three specific issues concerning MooreCo's motion for fees, costs, and sanctions, assuming the parties are unable to resolve the issue before the deadline.

  First, MooreCo submits that the most efficient path forward, given Haskell's new contentions about "exceptional case," is for the motion to focus on liability and defer submissions on the value of services until after the court decides liability for fees. *See* Fed. R. Civ. P. 54(d)(2)(C). This proposal would conserve expenditures on both sides, particularly if the court were to rule that the case is not exceptional under the Lanham Act. We note that Barry Cohen used this option in *Sweet Street Desserts, Inc. v. Better Bakery, LLC*, No. 5:12-cv-06115 (E.D. Pa.).

  If Haskell agrees, MooreCo can file a letter apprising the court of the parties' agreement. If Haskell does not agree, MooreCo will file a letter requesting that the parties proceed according to the above-noted proposal. MooreCo intends to file the letter by 6 PM today.

  Second, MooreCo writes to confirm that Haskell does not dispute that MooreCo is the prevailing party in the case. *See, e.g.*, *Tong v. Henderson Kitchen, Inc.*, No. 17-1073, 2020 WL 7624945, at *2 (E.D. Pa. Dec. 22, 2020) ("Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1)." (quoting *Tyler v. O'Neill*, 112 Fed. App'x 158, 161 (3d Cir. 2004))). There may have been some disagreement between

September 16, 2022
David Wolfsohn

the parties on this point while attempting to resolve the dismissal, for instance, when Haskell first proposed a dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which MooreCo rejected.  The court's order that seemingly required the parties to move forward on MooreCo's counterclaims also added some uncertainty.  At this point, however, with Haskell's claims dismissed with prejudice and MooreCo's counterclaims dismissed without prejudice, there is no reasonable dispute that MooreCo is the prevailing party.  Please confirm by no later than 5 PM today that Haskell does not disagree.

      We look forward to hearing from you.

      Sincerely,

      Matthew J. Dowd

**Dowd Scheffel PLLC**    **2**



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**September 19, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
100 N. 18th Street
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.,*
             No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write in response to your letter filed with the court early this morning.  See ECF No. 85.  We are surprised that Haskell would expend so much effort to write a two-page letter responding to what MooreCo believed was a simple, request that could have saved the parties and the court time and effort.  In fact, as we explained, it was a procedure that you used.  *See* (Redacted) Memorandum, at 18–19, *Sweet Street Desserts, Inc. v. Better Bakery, LLC*, No. 5:12-cv-06115 (E.D. Pa. July 23, 2015) (ECF No. 89).

      First, we never heard back from your co-counsel David Woflsohn.  He wrote on Friday, representing that he would get back to us today.  Please let us know if we missed his email.

      Second, your letter to the court continues Haskell's penchant for incomplete representations of the parties' discussions.  MooreCo has explained in detail that it provided a good-faith estimate of a specific amount of our fees and costs up to a certain date.  Your letter to the court misleadingly fails to state that amount, and your letter misleadingly asserts that "Haskell remains in the dark" about the amount due for Haskell's losing this case.

      To this date, Haskell has never responded whether that estimate is anywhere in the range of settlement that Haskell would accept.  In fact, based on the comment of your co-counsel Mr. Wolfsohn, we understood that Haskell considered that amount to be far outside Haskell's acceptable range.  We even offered to talk through our explanation for the amount

September 19, 2022
Barry Cohen

requested, as the most efficient path forward, but Haskell counsel declined to engage by phone, using the lack of billing records as an excuse. We further explained that Haskell's refusal to provide redacted copies of MooreCo's filings has unnecessarily and unreasonably impeded MooreCo's ability to fully assess the case.

Third, we appreciate the sentiment about being "very sorry" about our team member being diagnosed with COVID. Had Mr. Wolfsohn followed through with his agreement to get back to us, we would have explained that another key member of MooreCo's litigation team has succumbed to COVID over the weekend. We would have appreciated the courtesy of your discussing Haskell's position with us, instead of racing to the court to file a letter first thing Monday morning.[1] With other opposing counsel, in view of our serious COVID-related situation (as well as the recent passing of my uncle), we would make a modest request for a short extension, but, given your repeated attacks on us, we are hesitant to do so, lest we again be accused of "blatantly improper" conduct.

Fourth, as you know, preparing and reviewing billing records can take a substantial amount of time, particularly given the need to redact information that is protected by attorney-client privilege, work product, and other applicable protections. Thus, it is again misleading for you to suggest that MooreCo can provide billing records to you "in seconds." *See* ECF No. 85, at 2 n.4.

Finally, throughout this case, we have simply asked for professional courtesy. Instead, Haskell counsel has accused us of "blatant duplicity," "highly manipulative conversations," and "blatantly improper purposes," among other extreme characterizations. Haskell counsel has also disparaged MooreCo, for example, by accusing MooreCo of "clearly attempting to peek behind the curtain and view highly sensitive, competitive documents." ECF 60, at 4. None of those accusations had any basis in law or fact. We are at a loss to understand why Haskell and its counsel has resorted to such vituperative attacks.

Sincerely,

Matthew J. Dowd

---

[1] In doing so, it appears you originally filed your letter erroneously in response to MooreCo's motion to compel Haskell to comply with the Protective Order.

**Dowd Scheffel PLLC**        2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**October 6, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
100 N. 18th Street
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

   Re: *Haskell Office LLC v. MooreCo, Inc.*,
     No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

  We write in regards to the proposed mediator Kevin Casey. In the interest of full and complete disclosure, MooreCo seeks to understand the extent of the relationships between you (and your firm) and Mr. Casey. MooreCo also seeks to understand the extent of the relationships between your co-counsel Mr. Wolfsohn (and his firm) and Mr. Casey as well as the relationships between your co-counsel Mr. Zielinski (and his firm) and Mr. Casey. To that end, please let us know when you are available to discuss tomorrow afternoon.

      Sincerely,

      Matthew J. Dowd



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**October 11, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
100 N. 18th Street
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

      Re:    *Haskell Office LLC v. MooreCo, Inc.*,
               No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

      We write in connection with MooreCo's pending motion for attorney's fees, costs, and sanctions. MooreCo has made it clear on multiple occasions that it should be awarded its full fees for successfully defending itself against Haskell's meritless lawsuit. MooreCo has rejected Haskell's previous offers, which were entirely unreasonable.

      On several occasions, you represented that Haskell would need to have the billing records of MooreCo's counsel in order to provide a reasonable offer. You have had such records for almost two weeks, yet Haskell has not provided a reasonable offer for consideration. Furthermore, Haskell has refused to provide redacted versions of its documents—in direct violation of the Protective Order as well as settled precedent.

      MooreCo remains willing to resolve this dispute without further motion practice and without expending unnecessary resources on a mediation. Indeed, Haskell's insistence to proceed through mediation appears intended to further increase the costs and burdens on MooreCo. In view of Haskell's continued unreasonable arguments and attacks, *see, e.g.*, ECF No. 94, it is difficult for MooreCo to believe that mediation can resolve the pending disputes.

      Nonetheless, MooreCo is willing to entertain compromise offers, and MooreCo invites Haskell to provide such an offer. MooreCo further asks Haskell to reconsider its legally flawed position that it has no obligation to redact documents that MooreCo filed under seal

October 11, 2022
Barry Cohen

as confidential or highly confidential based, at least in part, on Haskell's designations. MooreCo requires access to the redacted submissions as part of its consideration of a reasonable settlement offer, should Haskell make one.

To be candid, we have never encountered an instance where opposing counsel has refused to provide proper redactions based on their client's confidentiality designations. You have not cited a single legal authority to support your position, and you have presented shifting positions throughout this case. Your frivolous actions are simply impeding MooreCo's ability to understand what has occurred in this case. MooreCo respectfully requests that your reconsider your position.

Sincerely,

Matthew J. Dowd

**Dowd Scheffel PLLC**          2



1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

*Via Electronic Mail*

**October 11, 2022**

Barry Cohen
Royer Cooper Cohen Braunfeld LLC
100 N. 18th Street
Suite 710
Philadelphia, Pennsylvania 19103
bcohen@rccblaw.com

   Re: *Haskell Office LLC v. MooreCo, Inc.*,
     No. 2:21-cv-02533 (E.D. Pa.)

Dear Barry:

  We write to follow up on our letter of September 1, 2022, in which MooreCo raised the issue of Haskell's improper confidentiality designations of the Bruce Robins deposition transcript. It is now more than five weeks since our letter, and Haskell has not disputed the substance of the letter. Accordingly, MooreCo asks that Haskell provide a correctly designated deposition transcript, consistent with MooreCo's September 1 letter.

  Please confirm that Haskell will comply with this request and its obligations under the Protective Order by no later than Friday, October 14, 2022.

      Sincerely,

      Matthew J. Dowd