# DECLARATION OF BRUCE ROBINS

## Redacted Public Version

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| HASKELL OFFICE, LLC,  )<br>　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　)<br>　　　　　　　　　　　　　)<br>MOORECO, INC.,　　　　　　)<br>　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　)<br>　　　　　　　　　　　　　) | Civil Action No. 2:21-02533-CFK |

**DECLARATION OF BRUCE ROBINS PURSUANT TO 28 U.S.C. § 1746**

I, Bruce Robins, hereby declare as follows:

1. I make and submit this declaration in connection with Haskell Office, LLC's opposition to MooreCo, Inc.'s Motion for Attorney's Fees, Costs, and Sanctions. I have personal knowledge of the facts herein.

2. I am a Vice President at Haskell Office, LLC and one of its principals.

3. My brother, Alan Robins, is the President and Chief Operating Officer for Haskell. Until last year, Alan was largely responsible for the day-to-day operations of the company.

4. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5. Since around January 2021, Alan has stepped back from his day-to-day role in the business ██████████████ Alan has been only minimally involved in this litigation; I took the lead and have been the principal company interface with litigation counsel and IP counsel.

6. ██████████████ Alan was responsible for guiding the company through Project Axiom, which we undertook in 2018 to explore whether there were potential buyers for Haskell in the marketplace.

7. I now know that, in December 2019, Alan asked Fairmount Partners, the consultant we used for Project Axiom, whether MooreCo had signed a confidentiality agreement

in connection with Project Axiom. And I also now know that, in response, Fairmount Partners sent Alan a copy of the confidentiality agreement MooreCo had signed.

8. I was copied on the 2019 email Alan sent about MooreCo signing a confidentiality agreement and Fairmount's response to it, but I did not remember those emails or the confidentiality agreement when, in January 2022, my brother Alan obtained the agreement from Fairmount while we were collecting documents for this case. For that reason, I thought it was accurate that Haskell had only recently discovered the agreement at the time we moved to amend the complaint in February 2022 to add a claim for breach of the agreement.

9. In fact, I still don't remember the email exchange with Fairmount from 2019. But I now realize I was mistaken that Haskell was not aware of the agreement at all before Alan obtained it in January 2022 in connection with discovery.

10. I understand that MooreCo has claimed that Haskell made intentional misstatements when it alleged that MooreCo had displayed a Haskell whiteboard with MooreCo's logo at the 2019 EdSpaces trade show. That is not correct.

11. As I explained at my deposition, when I first saw the whiteboard being displayed by MooreCo, I said "oh my God, they have our whiteboard" because it looked to me to be identical to our whiteboard except for the MooreCo logo. But I thought it was a copy.

12. Once MooreCo's whiteboard came on the market, I realized there were subtle differences between the MooreCo whiteboard and Haskell's whiteboard. For that reason, and based on my assumptions about the time it would take to manufacture such a whiteboard, I came to the conclusion that the whiteboard MooreCo displayed at the 2019 EdSpaces show must have been a Haskell whiteboard that had been modified to replace the Haskell logo with MooreCo's logo.

13. That was the basis for Haskell's "reverse passing off" claim—I believed that

MooreCo had acquired a Haskell whiteboard, removed Haskell's logo and applied MooreCo's, and displayed the board as its own. Thus, I believed the allegations in the complaint about MooreCo's display of a Haskell whiteboard at the 2019 EdSpaces show to be true.

14. I have not been able to review the documents because MooreCo designated them Attorney's Eyes Only under the Protective Order, but I now understand generally that discovery late in the litigation showed that my belief was incorrect and that in fact MooreCo had had its copy of our whiteboard manufactured before the 2019 EDSpaces trade show.

15. When I stated at my deposition that I did not have "documented facts" that MooreCo had sold the Haskell Echo whiteboard, I meant written documentation. I was not including my memory from the tradeshow.

16. When I stated at my deposition that Haskell never had any factual evidence that MooreCo has ever sold a Haskell Echo whiteboard, I was not considering my memory from the tradeshow and my industry knowledge of the amount of time it would take to manufacture the whiteboard I recalled seeing at the show and put it on sale commercially.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2022.

By: *Bruce Robins*
Bruce Robins