IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASKELL OFFICE, LLC** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 21-2533 |
| | : | |
| **MOORECO, INC** | : | |
| *Defendant.* | : | |

MEMORANDUM

**KENNEY, J.**                                                                                   **MARCH 22, 2023**

I.     INTRODUCTION

Defendant MooreCo, Inc. ("MooreCo") moves this Court for an award of attorneys' fees, costs, and sanctions against Plaintiff Haskell Office LLC ("Haskell") and its counsel. Haskell and MooreCo are privately-held companies, and direct competitors, that manufacture and sell educational and office furniture and related accessories, such as whiteboards. MooreCo alleges that Haskell subjected MooreCo to significant legal costs in defending MooreCo against Haskell's "extreme and aggressive litigation." ECF No. 90 at 2.

MooreCo seeks all reasonable fees, costs, and sanctions awardable under (1) the confidentiality agreement executed by MooreCo on October 16, 2018; (2) the Lanham Act; and (3) 28 U.S.C. § 1927. Presently before the Court is MooreCo's fully briefed and argued Motion for an Award of Attorney's Fees, Costs, and Sanctions. ECF Nos. 89-90, 99-100, 114-15, 117-20, 124-27. For the reasons set forth below, the Court will deny Defendant's Motion. An appropriate order will follow.

1

## II.     PROCEDURAL HISTORY

Haskell initiated this action on June 3, 2021, bringing claims of trade dress infringement and unfair competition under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)). ECF No. 1 ¶ 1. Haskell alleged that MooreCo sold a whiteboard product that copied the ornamental features of Haskell's Echo Whiteboard Trade Dress. *Id.* ¶ 26. On November 22, 2021, Haskell filed a First Amended Complaint in which it added a claim for false designation of origin (reverse passing off), under 15 U.S.C. § 1125(a). ECF No. 11 ¶ 1. In this First Amended Complaint, Haskell alleged that MooreCo had falsely represented to the public that the porcelain steel lap board it promoted at the 2019 EDspaces trade show, which traveled in interstate commerce, originated from MooreCo, and that this reverse passing off was likely to cause confusion. *Id.* ¶ 46.

On March 14, 2022, Haskell filed a Second Amended Complaint in which it added a breach of contract claim for the breach of a confidentiality agreement ("Confidentiality Agreement") executed by MooreCo on October 16, 2018. ECF No. 27 ¶ 1. This Confidentiality Agreement arose when, in 2018, Haskell engaged non-party Fairmount Partners Investing Banking ("Fairmount Partners") to explore the potential acquisition of Haskell by Haskell's competitors, including MooreCo. *Id.* ¶ 27. The Confidentiality Agreement provided that the information to be shared with MooreCo was the confidential and proprietary information of Haskell, and that MooreCo would neither share nor use this information. *Id.* After the Confidentiality Agreement was executed, Haskell shared confidential information with MooreCo, including highly sensitive sales and financial information pertaining to the Haskell Echo whiteboard and the Haskell Echo whiteboard trade dress. *Id.* ¶ 28. After months of discovery, Haskell ultimately moved to dismiss its claims with prejudice on August 3, 2022 pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 72. The Court granted this motion on August 9, 2022. ECF No. 73.

MooreCo subsequently filed this Motion for Attorney Fees on September 21, 2022, seeking fees, costs, and sanctions. ECF No. 89; *see also* ECF No. 90. Haskell filed a Response in Opposition to MooreCo's Motion on October 12, 2022. ECF Nos. 99, 100. Following Defendant's Reply (ECF Nos. 114, 115), oral argument was held on January 18, 2023 (ECF Nos. 118, 119). Parties subsequently submitted several letters to the Court. *See* Defendant's letter dated January 20, 2023 (ECF No. 117); Plaintiff's letter dated January 27, 2023 (ECF No. 120); Defendant's letter dated February 13, 2023 (ECF No. 124), Defendant's letter dated February 15, 2023 (ECF No. 125), Plaintiff's letter dated February 17, 2023 (ECF No. 126), and Defendant's letter dated February 17, 2023 (ECF No. 127).

### III. DISCUSSION

For the reasons set for below, the Court finds that Defendant is not entitled to attorneys' fees, costs, or sanctions.

#### a. Confidentiality Agreement

MooreCo asserts that it is entitled to reasonable fees pursuant to the Confidentiality Agreement signed by Haskell in 2018. ECF No. 90 at 10-12. "The general (or 'American') rule is that there can be no recovery of counsel fees from an adverse party in the absence of express statutory allowance of attorney's fees or a **clear contractual agreement** of the parties, or some other established exception permitting attorney's fees in a given situation." *Com. Dep't of Transp. Bureau of Driver Lic'g v. Smith*, 602 A.2d 499, 501 (Pa. Cmwlth. 1992) (emphasis added); *see also McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009). Therefore, MooreCo would be entitled to fees under the Confidentiality Agreement only if the language of the agreement clearly gave MooreCo the right to fees under the specific circumstances of this lawsuit.

The relevant provision of the Confidentiality Agreement states:

3

> "If any action, proceeding, or arbitration arising out of or relating to this Confidentiality Agreement is commenced by either you or the Company, the prevailing party shall be entitled to recover from the other party, in addition to any other relief that may be granted, reasonable attorneys' fees, costs, and expenses incurred by such prevailing party."

MooreCo argues that it is entitled to reasonable attorneys' fees and costs pursuant to the Confidentiality Agreement because (1) MooreCo is the prevailing party and (2) the action is one "arising out of or relating to this Agreement." ECF No. 90 at 11.[1] As to MooreCo's first point, there is no dispute that MooreCo is the prevailing party. *See*, e.g., *Bricklayers & Allied Craftworkers v. ARB Constr., Inc.*, No. CV 13-3883, 2016 WL 4943254, at *6-7 (E.D. Pa. Sept. 15, 2016); *see also* Jan. 18, 2023 Hr'g. 44:20 (Haskell's counsel stating that MooreCo is the prevailing party). However, as to MooreCo's second point, MooreCo fails to appreciate that, according to the fee provision of the Confidentiality Agreement, the "action commenced" must

---

[1] MooreCo's counsel requested an initial award of $978,580.26 associated with the entire defense of the case, not only the defense of the Confidentiality Agreement contract claim which was added to the case on March 14, 2022—after the case had already commenced as a trade dress case on June 3, 2021. ECF No. 90-14 ¶ 2. MooreCo has not presented a fully credible evidentiary foundation from which a court could grant a specific sum of attorney's fees either for defense of the added contract claim or for the entire case. MooreCo's counsel himself highlighted an approach of throwing up big numbers and expecting the Court to parse the numbers out or to come up with a compromise number. For example, counsel suggested that the Court either divide the total fees by the number of claims at issue, or parse out "the contract claim [which] is basically anything from February through the end of the case." Jan. 18, 2023 Hr'g. 80:16-19. Further, counsel stated that MooreCo was willing to compromise on billing entries until it changed counsel (*Id.* at 26:9-27:5), and that a compromise number is now within the Court's discretion. *Id.* at 28:6-13. But the Court is not a mediator. The purpose of the oral argument was for MooreCo's counsel to point to weighted evidence supporting a documented figure for attorney's fees. Instead, what MooreCo submitted to the Court are timesheets with errors and superfluous entries that would not be proper to send to a client for billing purposes. In addition, the status of MooreCo's attorney's fees and whether MooreCo has actually "incurred" the claimed fees, costs, and expenses remain unclear.

arise or relate to the Confidentiality Agreement, and that the action commenced here did not do so.

The Federal Rules of Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Haskell commenced this action—the lawsuit docketed as Case # 21-CV-2533—on June 3, 2021. By arguing that it is entitled to fees under this contract, MooreCo inaccurately interprets the contract's use of the word "action" to refer to a *cause of action*. However, when construing the meaning of a contract, "[c]ourts do not assume a contract's language was chosen carelessly, nor do they assume the parties were ignorant of the meaning of the language employed. . . . When contractual language is clear and unequivocal, its meaning must be determined by its contents alone." *Crawford Cent. Sch. Dist. v. Com.,* 585 Pa. 131, 143, 888 A.2d 616, 623 (2005). The Confidentiality Agreement refers to an "action," not a "cause of action." Interpreting this provision to refer to a cause of action subsequently added to an already-commenced civil action would be an inaccurate interpretation of the plain language. As discussed, *infra*, Haskell did not add a breach of contract claim grounded in this Confidentiality Agreement until it filed its Second Amended Complaint. ECF No. 27.

MooreCo relies on statements made by Haskell's counsel in arguing that Haskell itself "framed this dispute as being tied to . . . MooreCo's supposed breach of the agreement," and "premised its entire legal action on the NDA." ECF No. 90 at 11. As an example, MooreCo cites a discovery letter from Haskell's former counsel, Barry Cohen, to MooreCo's counsel, Matthew J. Dowd, in which Mr. Cohen writes the following: "This case is about whiteboards and MooreCo's decision to violate an NDA and, among other things, to copy Haskell's whiteboards and change its own business practices and strategies as a result of its exposure to Haskell's confidential information." ECF No. 90-2 July 6, 2022 Ltr. at 2. MooreCo also points to Haskell's

5

response to Interrogatory No. 8 in which "Haskell asserted that 'the confidential information found in the Confidential Information Memorandum . . . was improperly used by MooreCo, and indeed informed and catalyzed MooreCo's decision to compete directly with Haskell by copying its valuable whiteboard design and by pursuing additional GSA contracts and providing directly competing furniture offerings.'" ECF No. 90 at 11-12.

However, Haskell's framing of the case during litigation does not change the fact that the action *commenced* by Haskell did *not* arise out of or relate to the Confidentiality Agreement, being that the action as commenced did not include any claims under the Confidentiality Agreement. As such, the Court holds that MooreCo is not entitled to reasonable fees pursuant to the Confidentiality Agreement, due to the Confidentiality Agreement's language regarding commencement of the action.

### b. Lanham Act

Next, MooreCo asserts that it is entitled to fees and costs under the Lanham Act. ECF No. 90 at 12. The Lanham Act provides that a "court in **exceptional cases** may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). Here, as discussed, there is no dispute that MooreCo is the prevailing party. The question that remains is whether the case is legally "exceptional."

The Third Circuit in *Fair Wind Sailing, Inc. v. Dempster* imported the Supreme Court's definition of "exceptionality" under the Patent Act to an analysis under the Lanham Act. 764 F.3d 303, 315 (3d Cir. 2014). As such, a case is "exceptional" in the context of the Lanham Act when (a) "there is an unusual discrepancy in the merits of the positions taken by the parties"; or (b) "the losing party has litigated the case in an 'unreasonable manner.'" *Id.* (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). A district court must consider the

6

totality of the circumstances in determining whether a litigation position or tactic is exceptional enough to merit attorneys' fees. *Id.; see, e.g., Parks, LLC v. Tyson Foods, Inc.*, 2017 WL 3534993, at *7 (E.D. Pa. Aug. 17, 2017) ("By the end of this case, the Court had grown quite familiar with the two sides, and the overriding impression the Court received from [Plaintiff] was that it genuinely viewed [Defendant's use of Plaintiff's name] as an existential threat . . . There is no question in the Court's mind that these claims were brought in good faith, and that is relevant to whether fee shifting is warranted."). Relevant factors include frivolousness, motivation, factual or legal objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Octane*, 572 U.S. at 554 n.6.

MooreCo argues that Haskell's Lanham Act claim "lacked all merits" because (1) Haskell never had evidence to support a false designation claim; and (2) Haskell offered no evidence of an enforceable trade dress or likelihood of confusion. ECF No. 90 at 13-16. As to the alleged lack of evidence supporting a false designation claim, MooreCo argues that Haskell never produced any evidence to support its claim that Haskell's Echo whiteboards were displayed by MooreCo at the 2019 EDspaces trade show. *Id.* at 13. MooreCo points to Haskell's corporate witness, Bruce Robins, who testified that he did not believe at the time of the tradeshow that MooreCo was displaying Haskell's whiteboard at the event. *Id.* at 13-14. As to the lack of evidence supporting a trade dress claim,[2] MooreCo argues that Haskell refused to provide substantive responses to MooreCo's interrogatories seeking Haskell's bases for its claims of acquired distinctiveness and refused to offer survey evidence to establish secondary meaning or consumer confusion. ECF No.

---

[2] To establish a trade dress claim, a plaintiff must prove that (1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product. *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007).

7

90 at 15. MooreCo further argues that the functionality of Haskell's whiteboards, and Haskell's prior copying of nonparty Steelcase's whiteboard design, were major obstacles to the trade dress claim. ECF No. 90 at 15-16.

Looking at the totality of the circumstances, and after presiding over this case since its inception, this Court is not persuaded that Haskell engaged in baseless litigation. As an example, Plaintiff engaged an expert, Robert Wallace, who assessed Haskell's factual basis for a potential trade dress infringement claim, and corroborated Haskell's belief that Haskell's trade dress claim was supported. ECF No. 99-4 ¶¶ 7-14. Haskell appropriately relied on its expert's pre-litigation surveys, in addition to sales data, advertising samples, and evidence of copying, which supported a finding of secondary meaning and a likelihood of confusion. ECF No. 99. Further, Haskell moved to dismiss its reverse passing off claim once it reviewed MooreCo's production showing that MooreCo had in fact manufactured the whiteboard it displayed at the 2019 show. ECF No. 99 at 19-20. Tellingly, MooreCo did not move to dismiss Haskell's Second Amended Complaint, showing that Haskell's claims were not so frivolous on their face as to constitute an "exceptional" case appropriate for dismissal.

Moreover, Haskell did not litigate the case in an unreasonable manner—if anything, MooreCo did. While Haskell's counsel did not in any way attempt to expand the scope of discovery, MooreCo constantly engaged in motions practice that was, at best, unnecessary, and, at worst, strategically used to pressure dismissal of the case. For example, even though the Court denied MooreCo's motions to compel (ECF Nos. 46, 47), and MooreCo's oral motion for reconsideration (ECF No. 57), MooreCo continued to seek the at-issue documents from Fairmount Partners, without communicating with Haskell, and without mentioning to Fairmount Partners that the Court had already quashed MooreCo's subpoenas. ECF Nos. 57, 60, 63.

Furthermore, MooreCo continued its unreasonable litigation tactics even after Haskell moved to voluntarily dismiss its claims in August 2022. ECF No. 72, 73. MooreCo filed a motion to compel compliance with the protective order (ECF No. 82) which the court denied. ECF No. 83. Soon after, MooreCo filed the instant motion. ECF No. 89. MooreCo further caused repeated delays in starting and continuing mediation. This behavior by MooreCo continued even after the January 18, 2023 oral argument that was held on the instant motion. After MooreCo and Haskell exchanged letters on January 20, 2023 and January 27, 2023, respectively, MooreCo proceeded to submit a fifteen-page letter which it referred to as "a final supplement to MooreCo's presentation at the motion hearing," writing that "MooreCo trusts that this will be the last submission in connection with the pending motion for fees, costs, and sanctions." ECF No. 124 at 1. It was not. MooreCo subsequently filed letters on February 13 (ECF No. 124) and February 15 (ECF No. 125) to which Haskell replied (ECF No. 126), after which MooreCo filed an additional letter on February 17, 2023 (ECF No. 127).

### c. 28 U.S.C. § 1927

MooreCo also seeks sanctions under 28 U.S.C. § 1927, a statutory punishment that the Third Circuit cautions should be exercised "only in instances of a serious and studied disregard for the orderly process of justice." *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015). Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so **multiplies the proceedings in any case unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added).

Section 1927 requires a showing of "actual bad faith" in order to award fees—an even higher standard than that required by the Lanham Act for an award of fees and costs. *Baker Indus.,*

9

*Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir. 1985); *see also Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989). Yet, the portion of MooreCo's memorandum arguing for sanctions under 1927 is replete with incomplete sentences, incorrect grammar, lack of citations, and typos. *See* ECF No. 90 at 18-20. Further, while MooreCo in its memorandum identifies discovery disputes between the parties, none of Haskell's behavior referenced by MooreCo shows bad faith or vexatious behavior. As discussed, *infra*, this Court is not persuaded that Haskell engaged in baseless litigation, and further is not persuaded that Haskell's actions during litigation showed bad faith or vexatious behavior. If any party can be found to have multiplied the proceedings unreasonably, it is MooreCo and not Haskell.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Attorney Fees (ECF No. 89) will be denied.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**